UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEROME C.,

           Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. 3:19-CV-5466-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred by not considering the impact of Plaintiff's breathing ailment on his residual functional capacity ("RFC"). The ALJ erred by not providing specific and legitimate reasons for discounting the opinion of Plaintiff's examining psychologist Dr. Zolnikov. Had the ALJ

properly considered this evidence, the RFC may have contained additional limitations. The record also contains evidence not available to the ALJ at the hearing level that may impact the ultimate disability determination.

Accordingly, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On October 22, 2015, Plaintiff filed an application for supplemental security income, alleging a disability onset date of March 1, 2012.[1] *See* Dkt. 11, Administrative Record ("AR") 30, 343-49. Plaintiff subsequently amended his alleged onset date to October 22, 2015. AR 30, 72. His application was denied upon initial administrative review and on reconsideration. AR 30, 161-77, 181-91. A hearing was held before ALJ S. Andrew Grace on February 23, 2018. AR 69-108. In a decision dated May 3, 2018, ALJ Grace found that Plaintiff was not disabled. AR 27-40. The Social Security Appeals Council denied Plaintiff's request for review on April 16, 2019. AR 1-7. The ALJ's decision of May 3, 2018 is the final decision of the Commissioner subject to judicial review. *See* 20 C.F.R. § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to consider the impact of Plaintiff's chronic obstructive pulmonary disease ("COPD") when assessing his RFC; (2) failing to properly assess opinion evidence from examining psychologist Bryan Zolnikov, Ph.D.; and (3) failing to provide clear and convincing reasons for discounting Plaintiff's symptom testimony. Dkt. 13, pp. 2-11.

---

[1] Plaintiff previously filed applications for disability insurance benefits and supplemental security income in 2011. AR 133. ALJ Mattie Harvin-Woode issued an unfavorable decision on October 30, 2012. AR 109-26.

| | |
|---|---|
| 1 | <u>STANDARD OF REVIEW</u> |
| 2 | Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of |
| 3 | social security benefits if the ALJ's findings are based on legal error or not supported by |
| 4 | substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th |
| 5 | Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). |
| 6 | <u>DISCUSSION</u> |
| 7 | **I.  Whether the ALJ properly assessed Plaintiff's RFC.** |
| 8 | Plaintiff maintains that the ALJ erred by not including restrictions related to Plaintiff's |
| 9 | COPD in his RFC. Dkt. 13, pp. 2-4. Plaintiff cites his testimony that his breathing problems are |
| 10 | exacerbated by his anxiety symptoms and that he is unable to walk more than one block without |
| 11 | using an inhaler. Dkt. 13, p. 2; citing AR 78. |
| 12 | At step two of the sequential evaluation, the ALJ must determine if the claimant suffers |
| 13 | from any medically determinable impairments that are "severe." 20 C.F.R. § 416.920(a)(4)(ii). |
| 14 | An impairment is not considered to be "severe" if it does not "significantly limit" a claimant's |
| 15 | mental or physical abilities to do basic work activities. 20 C.F.R. § 416.920(c); Social Security |
| 16 | Ruling ("SSR") 96-3p, 1996 WL 374181, at *1. Basic work activities are those "abilities and |
| 17 | aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.920(c); SSR 85-28, 1985 |
| 18 | WL 56856, at *3. An impairment is not severe if the evidence establishes only a slight |
| 19 | abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR |
| 20 | 85-28, 1985 WL 56856, at *3; *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). |
| 21 | At step two, the ALJ found Plaintiff's COPD to be a non-severe impairment. AR 33. The |
| 22 | ALJ cited Plaintiff's ongoing smoking habit and use of an inhaler, but reasoned that the medical |
| 23 | record did not contain evidence that Plaintiff's breathing condition caused more than minimal |
| 24 | |

limitations in work-related activities. *Id.* The ALJ found that Plaintiff could perform work at the medium exertional level with additional postural and mental work-related limitations. AR 34-35.

In *Buck v. Berryhill*, the Ninth Circuit emphasized that in assessing the RFC, an ALJ must consider limitations and restrictions imposed by *all* an individual's impairments, even those that are not 'severe', and that an RFC should be precisely the same regardless of whether certain impairments were found severe at step two of the sequential evaluation. 869 F.3d 1040, 1049 (9th Cir. 2017) (citing Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996)). In *Buck*, the Ninth Circuit concluded that because the ALJ decided step two in the claimant's favor and was required to consider all impairments in the RFC, whether "severe" or not, "[a]ny alleged error is therefore harmless and cannot be the basis for a remand." *Id.* (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)).

Some courts have distinguished *Buck* on the basis that the ALJ's RFC analysis showed that the ALJ did not consider certain impairments in the RFC after finding them non-severe at step two. *See Mercado v. Berryhill*, No. 16-CV-04200-BLF, 2017 WL 4029222, at *6 (N.D. Cal. Sept. 13, 2017); *Winkle v. Berryhill*, No. C17-1633 TSZ, 2018 WL 5669018, at *2 (W.D. Wash. Nov. 1, 2018).

Here, the RFC does not contain any environmental restrictions related to Plaintiff's COPD. Plaintiff also contends that his breathing problems would prevent him from performing the walking necessary for medium or even light work. Dkt. 13, p. 3. In addition to Plaintiff's hearing testimony, the record contains evidence of Plaintiff's breathing difficulties and ongoing use of an albuterol inhaler. AR 633, 647, 652, 689, 694, 708.

Plaintiff's testimony concerning his breathing difficulties, if credited as true, would require the inclusion of additional exertional and/or environmental restrictions in the RFC. As such, the Court cannot say that the assessed RFC adequately accounts for the impact of Plaintiff's COPD.

**II.    Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff maintains the ALJ failed to properly consider opinion evidence from examining psychologist Dr. Zolnikov. Dkt. 13, pp. 4-5.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Zolnikov conducted a psychological evaluation of Plaintiff on January 13, 2016 for the Washington State Department of Social and Health Services ("DSHS"). AR 567-76. Dr. Zolnikov's evaluation consisted of a clinical interview, a mental status examination, and psychological testing. *Id.* Based on this evaluation, Dr. Zolnikov opined that Plaintiff would have

range of moderate and marked limitations in work-related mental functioning and stated that the overall severity of Plaintiff's mental limitations was marked. AR 568-69.

The ALJ assigned "partial weight" to Dr. Zolnikov's opinion, reasoning that: (1) Dr. Zolnikov's opinion is not consistent with the medical record, which indicates that Plaintiff did not seek ongoing psychiatric treatment until 2017; and (2) treatment notes from March 2016 indicate that Plaintiff's anxiety was improving. AR 37.

As a preliminary matter, Plaintiff argues that because Dr. Zolnikov was the only examining source to offer an opinion concerning Plaintiff's mental impairments, the ALJ was obliged to provide clear and convincing reasons for discounting his opinion. Dkt. 13, p. 4. Here, the opinion of Dr. Zolnikov concerning Plaintiff's mental limitations is contradicted by the opinions of non-examining state agency consultants Matthew Comrie, Psy.D. and Mark Berkowitz, Psy.D., both of whom assessed less restrictive mental limitations. AR 139-41, 152-54. As such, the ALJ was required to provide specific and legitimate reasons for discounting Dr. Zolnikov's opinion. The ALJ has not done so.

With respect to the ALJ's first reason, the Ninth Circuit has held "the fact that [the] claimant . . . did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that [a physician's] assessment of claimant's condition is inaccurate." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). This is because those afflicted with depression "often do not recognize that their condition reflects a potentially serious mental illness." *Id.* (citation omitted); *see also Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989) ("it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation"). As such, the fact that Plaintiff did not seek consistent

treatment for his depression until 2017 cannot serve as a specific and legitimate reason for discounting Dr. Zolnikov's opinion.

As for the ALJ's second reason, citation to an isolated incident of improvement in Plaintiff's anxiety from 2016 cannot serve as a specific and legitimate reason for discounting Dr. Zolnikov's opinion. *See Garrison v. Colvin*, 759 F.3d 995, 1017-18 (2014) (with respect to mental health impairments, cycles of improvement and debilitating symptoms "are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.").

Accordingly, the ALJ has not provided specific and legitimate reasons for discounting Dr. Zolnikov's opinion.

### III. Whether the ALJ properly considered Plaintiff's testimony.

Plaintiff maintains that the ALJ erred in evaluating his subjective symptom allegations. Dkt. 13, pp. 5-11. Because Plaintiff will be able to present new evidence and testimony on remand, and because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's subjective testimony, the ALJ shall reconsider Plaintiff's subjective symptom testimony as necessary on remand.

### IV. Additional evidence.

The record contains evidence submitted by Plaintiff after the ALJ issued his decision. *See* AR 13-26, 47-59. The Appeals Council denied review of Plaintiff's claim and opted not to exhibit this evidence, reasoning that it either did not relate to the period at issue or did not show a reasonable probability that it would change the outcome of the ALJ's decision. AR 2.

This Court must consider this additional material in determining whether the ALJ's decision is supported by substantial evidence. *See Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence).

The evidence in question indicates that Plaintiff was diagnosed with intermediate risk, stage IIA prostate cancer in early 2018. AR 47-49. Plaintiff began receiving radiation treatment for his prostate cancer in August 2018. AR 13-26. Plaintiff's cancer, and the potential side effects of his radiation treatment, may have a significant impact on Plaintiff's ability to perform work-related activities. On remand, the ALJ shall evaluate this evidence and ascertain what impact it has on Plaintiff's RFC.

**II.     Remedy.**

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

No such circumstances present themselves here, and the record is unclear as to whether Plaintiff would be found disabled even if all the improperly rejected evidence, and the additional evidence not considered by the ALJ at the hearing level, was credited as true. Accordingly, remand for further administrative proceedings is the appropriate remedy.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 8th day of January, 2020.

_____
David W. Christel
United States Magistrate Judge